1997 ND 159

Jared Ryan TORSTENSON, Petitioner and Appellee,

v.

Marshall W. MOORE, Director, North Dakota Department of Transportation, Respondent and Appellant.

Civil No. 970093.

Supreme Court of North Dakota.

Aug. 11, 1997.

Mary E. Nordsven (argued), Howe, Hardy, Galloway & Maus, PC, Dickinson, for petitioner and appellee.

Andrew Moraghan (argued), Assistant Attorney General, Attorney General's Office, Bismarck, for respondent and appellant.

MESCHKE, Justice.

[¶ 1] The Department of Transportation appealed a district court judgment reversing the administrative suspension of Jared Torstenson's driving license for driving while impaired by alcohol (DUI). We reverse the judgment of the district court and remand for entry of judgment affirming the suspension.

[¶ 2] Officer Jason Dellwo of the Dickinson police was on routine patrol on July 11, 1996. Near 3:00 a.m., he saw a pickup stopped in the middle of the intersection on his right, a block away. The stopped pickup was not pointed straight in the intersection, but was in the middle of the intersection facing the corner. Officer Dellwo went around the block, caught up with the pickup, and followed it for nearly five blocks. According to Officer Dellwo, the pickup was traveling down the middle of the road at about 20 miles per hour, and swerved back and forth from the parking lane to the middle of the road. Although the road had been recently tarred and graveled so there was no center line, Officer Dellwo said the pickup went "well over" the center of the road.

[¶ 3] Officer Dellwo activated his flashing lights and stopped the pickup. When he asked the driver, Torstenson, to step out of the pickup, Torstenson walked with a stagger and swayed from side to side. Torstenson's face was red and flushed and his eyes were red and watery. Officer Dellwo also noticed that Torstenson's breath smelled of alcohol. Torstenson admitted he and his passengers were coming home from a keg party, and he had had one beer.

[¶ 4] After Torstenson failed several field sobriety tests and refused to take an Alco–Sensor test, Officer Dellwo arrested him for DUI. A blood test reported Torstenson's blood had an alcohol concentration of .14 percent.

[¶ 5] At an administrative hearing to suspend his license, Torstenson explained his erratic driving by testifying the street was extremely narrow, requiring a driver to swerve from the right side of the road over the center to avoid parked cars. Officer Dellwo, however, testified that the street was wide enough for two lanes of travel, and that there was "ample room" even with cars parked on both sides of the street. Torstenson was allowed to supplement the record with the affidavit of a surveyor indicating the street was 34 feet wide.

[¶ 6] Torstenson argued that, because the narrowness of the street explained his erratic driving, Officer Dellwo did not have reasonable suspicion to stop his vehicle. Resolving the conflicts in the evidence, the hearing officer specifically found that Officer Dellwo's testimony was more credible, and concluded that Officer Dellwo had reasonable suspicion to stop the vehicle. The hearing officer also concluded that Officer Dellwo had probable cause to arrest Torstenson for DUI, and suspended Torstenson's driving license for 91 days.

[¶ 7] Torstenson appealed. The district court reversed, reasoning:

After review of the transcript and the briefs filed by the parties, I do not believe

that the findings of fact of the agency are supported by a preponderance of the evidence. Specifically, I don't believe that the officer had an articulable reasonable suspicion to stop the vehicle. I live one block from where the stop was made and frequently travel those same narrow streets in the exact manner described by the defendant.

The Director appealed to this Court.

[¶ 8] The Administrative Agencies Practice Act governs review of an agency decision to suspend a driver's license. *Kahl v. Director*, 1997 ND 147, ¶ 9, 567 N.W.2d 197. We review the record and decision of the agency, not the district court's. *Larson v. North Dakota Dep't of Transp.*, 1997 ND 114, ¶ 9, 564 N.W.2d 628. Our review of the agency's decision is limited to whether (1) a preponderance of the evidence supports the findings of fact; (2) the findings of fact sustain the conclusions of law; and (3) the conclusions of law support the agency's decision. *Id.* In reviewing the agency's findings of fact, we do not make independent findings of fact or substitute our judgment for that of the agency, but we determine only whether the agency reasonably determined the facts and conclusions from the weight of the entire evidence. *Zimmerman v. North Dakota Dep't of Transp. Dir.*, 543 N.W.2d 479, 481 (N.D.1996). As we further explained in *Zimmerman, id.:* "Resolving disputes over the underlying facts and circumstances supporting an officer's reasonable and articulable suspicion is the exclusive province of the hearing officer, as is determining the credibility of witnesses and the weight to be given their testimony."

[¶ 9] Although we ordinarily focus solely upon the decision of the agency, the district court's decision in this case needs comment. The district court expressly considered facts outside the record in concluding that the agency's findings were not supported by a preponderance of the evidence. It is settled, however, that courts must make factual decisions only upon the evidentiary record of testimony and exhibits. *See State v. LaMorie*, 558 N.W.2d 329, 331 (N.D.1996); *McAdams v. McAdams*, 530 N.W.2d 647, 651 (N.D.1995); *Thorlaksen v. Thorlaksen*, 453 N.W.2d 770, 773 (N.D.1990); *Wood v. Krenz*, 392 N.W.2d 395, 398 (N.D.1986); *Hultberg v. Hultberg*, 259 N.W.2d 41, 45 (N.D.1977). We explained in *Wood*, 392 N.W.2d at 398:

> One of the fundamental precepts of our judicial system is that the finder of fact must rely only on the evidence presented in court. We have developed comprehensive rules regulating procedures and admissibility of evidence, all concerned with ensuring that trials are conducted fairly and that evidence submitted meets threshold indicia of reliability. These fundamental principles are ignored when a finder of fact goes outside the record and conducts its own informal investigation of factual matters without knowledge of the parties.

That principle is even more important when the district court, as in this case, functions as a reviewing court.

[¶ 10] A court's review of an agency's findings of fact is limited to whether the findings were supported by a preponderance of the evidence, "based only on the record filed with the court." NDCC 28–32–19. Except to the extent otherwise provided by statute, "the agency record constitutes the exclusive basis for administrative agency action and judicial review of an administrative agency action." NDCC 28–32–17(5); *see Sowatzki v. North Dakota Workers Compensation Bureau*, 1997 ND 137, ¶¶ 15–16, 567 N.W.2d 189. In reviewing the agency's factual findings, this district court failed to exercise clearly established principles of law by using his personal experience in driving streets in the area where the stop occurred.

[¶ 11] Torstenson argues the Department erred in finding that the street where he was stopped was wide enough for two lanes of travel when vehicles were parked on the street, and thus there was no reasonable suspicion of unlawful activity to justify Officer Dellwo's stop of his vehicle. We are not persuaded.

[¶ 12] An officer must have a reasonable and articulable suspicion that a driver has violated or is violating the law in order to stop a vehicle. *State v. Kenner*, 1997 ND 1, ¶ 8, 559 N.W.2d 538. The standard is an objective one, taking into account inferences

and deductions that an officer would make that may elude a layperson. *Id.* Reasonable suspicion is a standard less stringent than probable cause. *Kahl*, 1997 ND 147, ¶ 12, 567 N.W.2d 197. As *Kenner*, 1997 ND 1, ¶ 8, 559˙ N.W.2d 538, explained, the question is whether a reasonable person in the officer's position would be justified by some objective manifestation to suspect the defendant was, or was about to be, engaged in unlawful activity.

■ [¶ 13] With some exceptions, NDCC 39-10-08(1) requires that a vehicle be driven on the right half of the roadway, and failure to comply is a moving violation. *Kahl*, 1997 ND 147, ¶ 13, 567 N.W.2d 197; *Zimmerman*, 543 N.W.2d at 481. A person may, however, drive over the center line when necessary to avoid an obstruction, if it is safe to do so. NDCC 39-10-08(1)(b). Torstenson asserts that the street was too narrow, forcing him to drive over the center line to avoid cars parked along the street. He therefore argues his driving was not unlawful, nor did it create a reasonable suspicion of unlawful activity.

[¶ 14] The pith of Torstenson's argument is the hearing officer erred in finding that Officer Dellwo was more credible and that the street was wide enough for two lanes of traffic with cars parked on the street. The hearing officer had conflicting evidence on this subject. Torstenson testified the street was too narrow, requiring drivers to cross over the center of the road to avoid parked cars. Officer Dellwo testified there was "ample room" for two lanes of traffic even with cars parked on the street. Although Torstenson supplied evidence that the street was 34 feet wide, he offered no other evidence to fit that fact into the context. He offered neither evidence about the average width of vehicles, nor expert testimony that 34 feet would be too narrow for two lanes of travel.

[¶ 15] Torstenson asks us, in effect, to reweigh the credibility of the witnesses and make independent findings of fact. That is not our function. *See Zimmerman*, 543 N.W.2d at 481. We conclude that the agency's findings are supported by a preponderance of the evidence.

■ [¶ 16] Besides his testimony that Torstenson was swerving back and forth from the parking lane to cross the center of the road, Officer Dellwo also testified he had seen Torstenson's pickup at a dead stop in the middle of an intersection. *See* NDCC 39-10-49(3) (prohibiting stopping a vehicle in an intersection except when necessary to avoid other traffic). Officer Dellwo testified the pickup was stopped in an "unusual" manner, facing "not towards the road but towards the corner." Based upon his observations of Torstenson's intersection stop and later erratic driving, Officer Dellwo had a reasonable and articulable belief of unlawful activity to justify the vehicle stop.

■ [¶ 17] Torstenson argues that, even if the initial vehicle stop was valid, Officer Dellwo did not have probable cause to arrest him for DUI. Probable cause to arrest exists when the facts and circumstances within the officer's knowledge, or that he has reasonable trustworthy information about, are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed. *Chadwick v. Moore*, 551 N.W.2d 783, 786 (N.D.1996). We explained how this standard for DUI arrests should be applied in *Moran v. North Dakota Dep't of Transp.*, 543 N.W.2d 767, 770 (N.D. 1996) (citations omitted):

> In order to arrest a driver for driving under the influence, the law enforcement officer first must observe some signs of impairment, physical or mental.... Further, the law enforcement officer must have reason to believe the driver's impairment is caused by alcohol.... Both elements—impairment and indication of alcohol consumption—are necessary to establish probable cause to arrest for driving under the influence.

If an officer observes signs of impairment caused by alcohol, the officer has probable cause to arrest for DUI.

■ [¶ 18] In this case, Officer Dellwo observed Torstenson driving his pickup in an erratic manner. Torstenson staggered when he walked and swayed from side to side. His face was red and flushed, his eyes were red and watery, his breath smelled of alcohol, he admitted consuming alcoholic beverages, and

he failed field sobriety tests. There was ample evidence of impairment and reason to believe the impairment was caused by alcohol. We therefore conclude Officer Dellwo had probable cause to arrest Torstenson for DUI.

[¶ 19] We reverse the judgment of the district court and remand for entry of judgment affirming the Department's decision suspending Torstenson's license.

[¶ 20] VANDE WALLE, C.J., and SANDSTROM, NEUMANN, and MARING, JJ., concur.