1999 ND 47

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Dale Garry OVERBY, Defendant and Appellant.**

Nos. 980227, 980228.

Supreme Court of North Dakota.

March 18, 1999.

Lawrence P. Kropp, of Kropp Law Office, Jamestown, N.D., for defendant and appellant.

Frederick R. Fremgen, Assistant State's Attorney, Jamestown, N.D., for plaintiff and appellee.

MARING, Justice.

[¶ 1] Dale Overby appeals the judgments of conviction entered June 23, 1998, contending the district court erred when it denied his motion to suppress evidence obtained during a search of his person following a routine traffic stop. We affirm, holding the search was reasonable under the Fourth Amendment as a search incident to arrest.

I

[¶ 2] Just after midnight on December 17, 1997, Officer Thomas Nagel of the Jamestown Police Department stopped Dale Overby because his vehicle had a broken tail light.[1] Officer Nagel testified at the suppression hearing "as soon as the vehicle was stopped the driver side door immediately came open and [Overby] put one foot outside the car and he kind of leaned to his left and he appeared to be fiddling around with something, stuffing something or doing something with his right pocket." Concerned about Overby's movements, Officer Nagel approached the vehicle "cautiously" and upon arriving at the vehicle, "smelled a very strong odor of marijuana." Nagel testified "there was no doubt in my mind that marijuana had just been smoked inside the vehicle."[2] Overby was alone in his vehicle.

[¶ 3] Officer Nagel then ordered Overby to exit his vehicle, and because he was concerned about Overby's "unusual" actions in reaching for his pocket, performed a patdown search for safety concerns. During the search, Nagel felt an "L-shaped object" in the right front pocket of Overby's coat. There was conflicting testimony whether Nagel merely patted down or "squeezed and manipulated" the pocket of Overby's coat. When Overby did not respond to being asked what was in his pocket, Nagel reached in and seized the object, a marijuana pipe with marijuana in its bowl. Overby then replied "that's all there is, you got it all." Nagel formally arrested Overby "within one to four minutes" of searching him and seizing the

---

1. Operating a vehicle with a broken tail light is a violation of N.D.C.C. §§ 39–21–04(1) and 39–21–09(2) and (3). Overby does not challenge the validity of the traffic stop.

2. Officer Nagel testified he was trained in identifying the odor of marijuana. He received training in narcotics identification in the military, at the police academy, and during his employment at the Jamestown Police Department.

marijuana pipe. Overby was charged with possession of a controlled substance and drug paraphernalia, both class A misdemeanors.

[¶ 4] In March 1998, Overby moved to suppress the fruits of the search, arguing the pat-down search violated *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The State countered by arguing the *Terry* search was valid, and in any event, the search was justified as a search incident to lawful arrest. The district court concluded the pat-down search was unreasonable under *Terry*, but was valid as a search incident to arrest. The court accordingly declined to suppress the fruits of the search.[3] Overby conditionally plead guilty under N.D.R.Crim.P. 11(a)(2), preserving the issues argued in his suppression motion for appeal. The district court entered two judgments of conviction on June 23, 1998, and Overby timely appealed from those judgments.

## II

■■■ [¶ 5] We recently reviewed our standard of review of a trial court's denial of a suppression motion in *State v. Kitchen*, 1997 ND 241, ¶ 11, 572 N.W.2d 106 (internal citations omitted):

We will defer to a trial court's findings of fact in the disposition of a motion to suppress. Conflicts in testimony will be resolved in favor of affirmance, as we recognize the trial court is in a superior position to assess credibility of witnesses and weigh the evidence. Generally, a trial court's decision to deny a motion to suppress will not be reversed if there is sufficient competent evidence capable of supporting the trial court's findings, and if its decision is not contrary to the manifest weight of the evidence.

"While we defer to the trial court's findings of fact, questions of law are fully reviewable." *State v. Hawley*, 540 N.W.2d 390, 392 (N.D. 1995). We have reviewed the record, and conclude the district court's denial of the suppression motion is not contrary to law or the manifest weight of the evidence. We

therefore affirm the district court's denial of Overby's suppression motion.

## III

■■■ [¶ 6] Overby first argues the search of his person went beyond the parameters of *Terry*. We find it unnecessary to reach the *Terry* issues raised by Overby, however, because we conclude the search of his person was justified as a search incident to arrest. *Cf. Hawley*, 540 N.W.2d at 393 (reasoning although the trial court ruled "a Fourth Amendment seizure did not occur ... it is unnecessary to decide whether a seizure actually occurred here [because] a reasonable and articulable suspicion justified [the officer's] investigation in any event"). We note although Officer Nagel initiated the search as a "frisk for weapons" and out of a concern for his safety, typically the basis for a *Terry* search, an officer's subjective intent has no bearing on "ordinary, probable cause Fourth Amendment analysis." *City of Fargo v. Sivertson*, 1997 ND 204, ¶ 15, 571 N.W.2d 137.

■■■ [¶ 7] A warrantless search, to be valid, "must fall within a narrow and specifically delineated exception to the warrant requirement of the Fourth Amendment." *State v. Gilberts*, 497 N.W.2d 93, 97 (N.D. 1993). A search incident to lawful arrest is one of those exceptions. *See State v. Olson*, 1998 ND 41, ¶ 13, 575 N.W.2d 649 (recognizing the search incident to arrest exception). A search incident to arrest is justified because "[a] custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification ... [i]t is the fact of the lawful arrest which establishes the authority to search." *United States v. Robinson*, 414 U.S. 218, 235, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).

■■■ [¶ 8] A valid arrest based upon probable cause clearly justifies a warrantless search of the arrestee, but as the name of this exception implies, lawful arrest typically precedes the search. This case presents to

---

3. The district court did suppress the statements Overby made prior to being arrested because the State had stipulated if the search was found to be valid as a search incident to arrest, then Overby's

statements would be illegal interrogation under *Miranda*. The *Miranda* issue is not raised on appeal.

us for the first time the issue of whether a warrantless search preceding arrest is reasonable under the Fourth Amendment. The United States Supreme Court has answered that question in the affirmative, so long as probable cause to arrest existed before the search, and the arrest and search are substantially contemporaneous. *See Rawlings v. Kentucky*, 448 U.S. 98, 111, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980) (holding "[w]here the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa," so long as the fruits of the search were "not necessary to support probable cause to arrest"). *Id.* n. 6. While the *Rawlings* Court did not further discuss its reason for so holding, we agree with Justice Traynor, who was ahead of his time when he stated

> if the officer is entitled to make an arrest on the basis of information available to him before he searches, and as an incident to that arrest is entitled to make a reasonable search of the person arrested ..., there is nothing unreasonable in his conduct if he makes the search before instead of after the arrest. In fact, if the person searched is innocent and the search convinces the officer that his reasonable belief to the contrary is erroneous, it is to the advantage of the person searched not to be arrested. On the other hand, if he is not innocent or the search does not establish his innocence, the security of his person ... suffers no more from a search preceding his arrest than it would from the same search following it.

*People v. Simon*, 45 Cal.2d 645, 290 P.2d 531, 533 (1955). Several jurisdictions have similarly held. *See, e.g., Matter of the Welfare of G.M.*, 560 N.W.2d 687, 694–95 (Minn.1997) (because police had probable cause to believe the defendant's pouch contained cocaine, and thus had probable cause to arrest the defendant, the warrantless search of the pouch was a valid "search incident to arrest" even though it preceded defendant's arrest); *see also* 3 Wayne R. LaFave, *Search and Sei-*

zure, § 5.4(a), at 153–55 n. 7 (3rd ed.1996) (collecting cases).

[¶ 9] Under the *Rawlings* search incident to arrest rationale, Officer Nagel's search of Overby was reasonable if: (1) Nagel had probable cause to arrest Overby before searching him; and (2) the arrest was substantially contemporaneous to the search. In *State v. Ackerman*, 499 N.W.2d 882, 885 (N.D.1993), we concluded a "search was not incident to an arrest because no arrests were made until more than an hour after the search." The second prong is easily met here, however, because Overby was formally arrested within minutes of being searched. Thus, the dispositive issue concerns the first prong; whether Officer Nagel had probable cause to make a warrantless arrest when he "smelled a very strong odor of marijuana" emanating from Overby's vehicle.

[¶ 10] N.D.C.C. § 29–06–15(1)(a) authorizes a law enforcement officer to make a warrantless arrest when there is probable cause to believe a suspect has committed or attempted to commit a public offense in the officer's presence. The term "public offense" includes misdemeanors. *See State v. Littlewind*, 417 N.W.2d 361, 363 (N.D.1987); *State v. Bergeron*, 326 N.W.2d 684, 685 (N.D.1982). The State argues our decision in *State v. Binns*, 194 N.W.2d 756 (N.D.1972), specifically held the odor of marijuana emanating from a suspect's vehicle supplied the requisite probable cause to make a warrantless arrest of the suspect under N.D.C.C. § 29–06–15(1)(a). *See id.* at 759 (holding "[t]he officer, through his sense of smell, had reasonable cause[4] to believe that the person arrested had committed a public offense, and this, under Section 29–06–15(1), justified the warrantless arrest"). Overby reads *Binns* differently, however. He argues *Binns* held the detection of marijuana emanating from a vehicle only gives an officer probable cause to *search the vehicle*, and only upon finding contraband in the vehicle would the officer then have probable cause to *arrest the driver*. Overby essentially argues *Binns* is an

---

**4.** We have historically construed the terms "reasonable cause" and "probable cause" to be interchangeable. *State v. Knudson*, 499 N.W.2d 872,

875 (N.D.1993); *State v. Hensel*, 417 N.W.2d 849, 852 (N.D.1988).

automobile exception, and not a search incident to arrest, case. An examination of *Binns* reveals the court relied on both theories.

[¶ 11] In *Binns,* an officer recognized the "unmistakable odor of marijuana" emanating from an open window of a parked vehicle as he approached to investigate. *Id.* at 757–58. The occupied vehicle was parked in a vacant campground after dark. *Id.* The officer ordered the occupants to exit so he could search the vehicle. *Id.* at 758. He found marijuana on the rear seat of the vehicle and then placed all the persons who had been occupants under arrest. *Id.* On appeal, Binns argued the officer lacked probable cause to search the vehicle. The *Binns* Court rejected his argument, concluding the automobile exception justified the warrantless search of the vehicle:

> We believe, in this case, that the circumstances justified a warrantless search of the automobile, since the odor of burning marijuana which the officer recognized, and which he knew was coming from the automobile, gave him probable cause to believe that a felony was being committed. The automobile was a fleeting object which could have been moved, had the officer first gone to secure a search warrant. He had probable cause to search the car, and a search warrant was unnecessary.

*Id.* (citing for support the seminal automobile exception cases, *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) and *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925)).

[¶ 12] The *Binns* Court next discussed the warrantless arrest of the defendant, and concluded the arrest was justified for two reasons: the officer had the requisite probable cause to arrest Binns either because (1) the search of the vehicle (valid under the automobile exception) discovered marijuana, *id.,* or (2) the "officer, through his sense of smell, had reasonable cause to believe that the person arrested had committed a public offense ... under [N.D.C.C.] § 29–06–15(1)(a)[.]" *Id.* at 759. Thus, under the particular facts in *Binns,* the odor of marijuana emanating from the suspects' vehicle not only provided probable cause triggering the automobile ex-

ception, but it also authorized the officer to make a warrantless arrest under N.D.C.C. § 29–06–15(1)(a).

[¶ 13] In assessing whether there is probable cause to arrest, police officers need not have knowledge or facts sufficient to establish guilt, only knowledge that would give a prudent person reasonable grounds to believe an offense has been or is being committed. *Torstenson v. Moore,* 1997 ND 159, ¶ 17, 567 N.W.2d 622. The record reflects Overby was alone in his vehicle when he was stopped, no other vehicles or people were in the vicinity, the vehicle's door was open as the officer approached, and the officer was well-trained in identifying the odor of marijuana. Under *Binns* and the particular facts of this case, we conclude Officer Nagel had probable cause to arrest Overby under N.D.C.C. § 29–06–15(1)(a) when he detected an odor of marijuana emanating from Overby's vehicle. Nagel's search of Overby's person was, therefore, a valid search incident to arrest because he had probable cause to arrest prior to conducting the search, and the arrest and search were sufficiently contemporaneous. *Rawlings,* 448 U.S. at 110–11, 100 S.Ct. 2556. The district court's order denying Overby's suppression motion is affirmed, as are the judgments of conviction entered on June 23, 1998.

[¶ 14] VANDE WALLE, C.J., and KAPSNER, SANDSTROM and NEUMANN, JJ., concur.

VANDE WALLE, Chief Justice, concurring specially.

[¶ 15] I concur in the opinion written for the Court by Justice Maring, embracing the decision in *Rawlings v. Kentucky* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980), and holding valid as a search incident to arrest, a search preceding the arrest when the arrest occurred immediately after the search and there was probable cause to arrest before the search. But, I submit, a warrantless search prior to arrest should be the exception to the normal practice of a search following the arrest.

[¶ 16] Ordinarily I see little to recommend and a great concern in such procedure. With due respect to Justice Traynor's comments in

*People v. Simon,* 45 Cal.2d 645, 290 P.2d 531, 533 (1955), as quoted in ¶ 8 of the opinion for the Court, I am not so convinced a search of a person who has not been arrested is to the person's advantage. The insult remains. More importantly, the reality is that an officer who is suspicious may be subconsciously tempted to conduct a search before making the arrest with the expectation or hope that the search will produce such irrefutable evidence of the commission of a crime that a lack of probable cause to arrest prior to the search will be overlooked, or such suspicion as did exist will be viewed more favorably in light of the evidence discovered in the search if, in fact, there is evidence discovered.

[¶ 17] I hope our opinion does not foster the search preceding the arrest as the normal practice. Police officers who might be encouraged by this opinion to adopt that practice and prosecutors should be aware that on appeal we will continue to closely examine the facts prior to the search to determine if probable cause to arrest is present without regard to any evidence which might be discovered during the search preceding the arrest.

[¶ 18] Carol Ronning Kapsner