VandeWalle, Chief Justice.
 

 [¶ 1] Michael Ray Terrill appealed from a criminal judgment entered upon a conditional guilty plea to possession of methamphetamine with intent to deliver and possession of drug paraphernalia. Terrill argues the district court improperly denied his motion to suppress evidence. We affirm.
 

 I
 

 [¶ 2] On January 25, 2017, Fargo Police Department Narcotics Detective Chris Holte applied for and was granted a search warrant "to search the persons of Levi Schumacher and Michael Schumacher and any other persons determined to reside at 4325 23rd Ave SW room #102 Fargo, ND." Once officers arrived at room #102 of the AmericInn Hotel & Suites, they knocked, announced their presence, and waited for a response. Detective Holte could hear the room being ransacked and forcibly entered the room. Three individuals were in the room. Detective Holte followed two individuals into the bathroom as they appeared to be flushing narcotics down the toilet. Detective Mendez followed the third person, later identified as Terrill,
 
 *735
 
 into a bedroom. Terrill appeared to be hiding behind a bed in a room strewn with drug paraphernalia including needles/syringes and baggies. Specifically, there were syringes on the night stands on either side of the bed, on the floor beside the bed, and behind the bed where Terrill was attempting to hide. None of the syringes were within arms' reach of Terrill when Detective Mendez entered the room.
 

 [¶ 3] Detective Mendez instructed Terrill to crawl out from behind the bed and then placed him in handcuffs. Before conducting a pat-down search, Mendez asked Terrill if he had anything sharp in his pockets that could poke or stick him. Detective Mendez then conducted a search of Terrill's person and found a bag containing approximately one ounce of methamphetamine. Terrill was arrested and subsequently charged with possession of methamphetamine with intent to deliver and possession of drug paraphernalia.
 

 [¶ 4] Terrill moved to suppress all evidence obtained as a result of his arrest. The district court denied the motion, finding Terrill was in constructive possession of drug paraphernalia based on the syringes found in the bedroom, and, therefore, Detective Mendez had probable cause to arrest him for possession of drug paraphernalia. The district court also found Detective Mendez was authorized to search Terrill incident to arrest.
 

 II
 

 [¶ 5] This Court reviews a district court's decision on a motion to suppress as follows:
 

 [W]e give deference to the district court's findings of fact and we resolve conflicts in testimony in favor of affirmance. We "will not reverse a district court decision on a motion to suppress ... if there is sufficient competent evidence capable of supporting the court's findings, and if the decision is not contrary to the manifest weight of the evidence." Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law. Whether law enforcement violated constitutional prohibitions against unreasonable search and seizure is a question of law.
 

 State v. Kaul
 
 ,
 
 2017 ND 56
 
 , ¶ 5,
 
 891 N.W.2d 352
 
 (citations omitted).
 

 A
 

 [¶ 6] On appeal, Terrill argues he was unlawfully seized because Detective Mendez lacked probable cause to arrest him. The district court found there was probable cause to arrest Terrill for possession of drug paraphernalia because, at a minimum, Terrill was in constructive possession of the syringes strewn about the room.
 

 [¶ 7] "The Fourth Amendment to the United States Constitution, applicable to the states under the Fourteenth Amendment, and Article I, section 8, of the North Dakota Constitution, protect individuals from unreasonable searches and seizures."
 
 Kaul
 
 ,
 
 2017 ND 56
 
 , ¶ 4,
 
 891 N.W.2d 352
 
 . An arrest is a seizure under the Fourth Amendment, and must be supported by probable cause. "To establish probable cause, the officer does not have to possess knowledge of facts sufficient to establish guilt; all that is necessary is knowledge that would furnish a prudent person with reasonable grounds for believing a violation has occurred."
 
 State v. Woinarowicz
 
 ,
 
 2006 ND 179
 
 , ¶ 30,
 
 720 N.W.2d 635
 
 (
 
 citing
 

 State v. Spidahl
 
 ,
 
 2004 ND 168
 
 , ¶ 10,
 
 686 N.W.2d 115
 
 ). "At the time of the arrest, the officers need only have sufficient knowledge to believe an offense has been or is being committed in order to establish probable cause."
 
 Woinarowicz
 
 ,
 
 2006 ND 179
 
 , ¶ 30,
 
 720 N.W.2d 635
 
 . "Probable
 
 *736
 
 cause does not require that commission of the offense be established with absolute certainty, or proved beyond a reasonable doubt."
 

 Id.
 

 (citation omitted).
 

 [¶ 8] Constructive possession of drug paraphernalia is sufficient probable cause to arrest.
 
 See
 

 Woinarowicz
 
 ,
 
 2006 ND 179
 
 , ¶¶ 29-31,
 
 720 N.W.2d 635
 
 . "To prove constructive possession the State must present evidence which establishes that the accused had the power and capability to exercise dominion and control over the contraband."
 
 State v. Morris
 
 ,
 
 331 N.W.2d 48
 
 , 53 (N.D. 1983). Constructive possession can be inferred from the totality of the circumstances. Some circumstances which may support an inference of constructive possession are (1) an accused's presence in the place where a controlled substance is found; (2) his proximity to the place where it is found; and (3) the fact the controlled substance was found in plain view.
 

 Id.
 

 at 54
 
 . "The evidence required to show an individual's power and capability to exercise control over a controlled substance need only establish his right or his ability to control, in a realistic and practical sense, the area where, or the container in which, the contraband is found."
 

 Id.
 

 [¶ 9] Here, the evidence established Terrill had constructive possession of drug paraphernalia. Terrill was found in a hotel room, known to be a source of methamphetamine, covered with syringes and baggies. Based on Detective Mendez's training and experience with narcotics, he believed the syringes and baggies were used for methamphetamine. There was testimony Terrill was not in arm's reach of paraphernalia at the moment the officers entered the room; however, there was paraphernalia in close proximity to Terrill as he was hiding by the bed. Specifically, there were syringes around the bed and on the night stands next to the bed. Terrill was the only person in the bedroom. Finally, the paraphernalia was in plain view, readily seen on the night stands and strewn about the hotel room.
 

 [¶ 10] The district court did not err by concluding, based on the totality of the circumstances, that Terrill constructively possessed drug paraphernalia, thus justifying the seizure of Terrill's person.
 

 B
 

 [¶ 11] Terrill argues the search of his person was unlawful because the search was not incident to arrest. The district court found the search of Terrill's person incident to arrest was justified because a custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment.
 

 [¶ 12] Warrantless searches are per se unreasonable under the Fourth Amendment, subject only to a few well-delineated exceptions.
 
 State v. Mercier
 
 ,
 
 2016 ND 160
 
 , ¶ 20,
 
 883 N.W.2d 478
 
 . "A search incident to a lawful arrest is one such exception."
 

 Id.
 

 A search incident to arrest applies where an officer has probable cause prior to conducting the search, and the arrest is substantially contemporaneous to the search.
 
 State v. Overby
 
 ,
 
 1999 ND 47
 
 , ¶ 8,
 
 590 N.W.2d 703
 
 . Additionally, the Supreme Court has held, "[I]t is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. ... In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction."
 
 Mercier
 
 ,
 
 2016 ND 160
 
 , ¶ 22,
 
 883 N.W.2d 478
 
 (
 
 citing
 

 Chimel v. California
 
 ,
 
 395 U.S. 752
 
 , 763,
 
 89 S.Ct. 2034
 
 ,
 
 23 L.Ed.2d 685
 
 (1969) ).
 

 *737
 
 [¶ 13] There was probable cause to arrest Terrill because he was in constructive possession of drug paraphernalia. Moreover, Detective Mendez's testimony that Terrill was searched right after he was placed in handcuffs supports that Terrill was searched contemporaneously to arrest. Accordingly, Detective Mendez had the authority to search Terrill incident to arrest because he had probable cause to arrest prior to conducting the search, and the arrest and search were sufficiently contemporaneous.
 
 Overby
 
 ,
 
 1999 ND 47
 
 , ¶ 13,
 
 590 N.W.2d 703
 
 (citing
 
 Rawlings v. Kentucky
 
 ,
 
 448 U.S. 98
 
 , 110-11,
 
 100 S.Ct. 2556
 
 ,
 
 65 L.Ed.2d 633
 
 (1980) ).
 

 [¶ 14] The district court did not err in concluding Terrill was properly searched incident to arrest because the record shows sufficient competent evidence that Detective Mendez had probable cause to arrest Terrill for constructively possessing drug paraphernalia and Terrill's arrest was contemporaneous with the search.
 

 C
 

 [¶ 15] Terrill further argues the search of his person was outside the scope of the search warrant, and the plain-feel doctrine did not justify the search. However, because Detective Mendez had probable case to arrest Terrill, we do not reach those issues.
 

 III
 

 [¶ 16] The district court did not err by denying Terrill's motion to suppress evidence because the record shows sufficient competent evidence to support the district court's conclusion that Terrill constructively possessed drug paraphernalia, thus justifying the seizure and subsequent search of Terrill's person. We affirm the criminal judgment.
 

 [¶ 17] Gerald W. VandeWalle, C.J.
 

 Jerod E. Tufte
 

 Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen