FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JULY 7, 2023
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2023 ND 125

State of North Dakota,                                  Plaintiff and Appellee

     v.

Bret Nathaniel Tho Sullivan,                        Defendant and Appellant

### No. 20220337

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Pamela A. Nesvig, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Omid Kardoust, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Chad R. McCabe, Bismarck, N.D., for defendant and appellant.

**State v. Sullivan**
**No. 20220337**

**Tufte, Justice.**

[¶1] Bret Sullivan appeals from a corrected criminal judgment after he pled guilty to driving under the influence in violation of section 39-08-01(1)(a), N.D.C.C. We affirm.

[¶2] Corporal Harold Rochester stopped Sullivan's vehicle because it was speeding and failed to remain in its lane. Corporal Justin Hoag was called to assist Rochester. Hoag decided to arrest Sullivan because of the information Rochester told him and because Sullivan's vehicle emitted an alcoholic odor, Sullivan had glossy and bloodshot eyes, and he admitted to having consumed alcohol.

[¶3] Sullivan moved to suppress the evidence resulting from the arrest, and the court denied his motion. On appeal, Sullivan argues the court erred in finding that he received a sufficient advisement regarding the cause of his arrest under N.D.C.C. § 29-06-17 and in finding that the officers had probable cause to arrest him.

I

[¶4] Our standard of review for a district court's ruling on a motion to suppress is well established.

> When reviewing a district court's ruling on a motion to suppress, we defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance. We affirm the district court's decision unless we conclude there is insufficient competent evidence to support the decision, or unless the decision goes against the manifest weight of the evidence.... While the underlying factual disputes are findings of fact, whether the findings support a reasonable and articulable suspicion presents a question of law which is fully reviewable on appeal.

*State v. Suelzle*, 2021 ND 194, ¶ 9, 965 N.W.2d 855 (quoting *State v. James*, 2016 ND 68, ¶ 5, 876 N.W.2d 720).

1

[¶5]   Sullivan argues that the police officer who arrested him violated section 29-06-17, N.D.C.C., because the officer did not inform Sullivan of the cause of his arrest. He argues suppression of the evidence is the proper remedy for a violation of this statute. The State argues that Sullivan was sufficiently informed under the statute because the circumstances of his arrest provided him with adequate notice and, alternatively, that the exception in N.D.C.C. § 29-06-17(1) applies to this case and the officer was not required to inform Sullivan of the cause of his arrest.

[¶6]   Section 29-06-17, N.D.C.C., provides:

> When making an arrest without a warrant, the officer shall inform the person to be arrested of the officer's authority and the cause of the arrest, unless:
> 1. The person to be arrested then is engaged in the commission of an offense;
> 2. Such person is pursued immediately after the commission of an offense or after an escape;
> 3. Such person flees or forcibly resists before the officer has opportunity so to inform the person; or
> 4. The giving of such information will imperil the arrest.

[¶7]   We conclude that the officers were not required to inform Sullivan of the cause of his arrest because the first statutory exception applies.

[¶8]   Sullivan was arrested while he was engaging in the commission of an offense. Individuals under age twenty-one are guilty of an infraction when they "consume or have recently consumed," are under the influence of, or are in the possession of an alcoholic beverage. N.D.C.C. § 5-01-08(1). An infraction is an offense. N.D.C.C. § 12.1-32-01(7).

[¶9]   Sullivan was driving a motor vehicle on a public road when he was stopped for speeding. Sullivan told Corporal Hoag that he was under age twenty-one at the time and had been consuming alcohol. There is sufficient evidence in the record to support the finding that Sullivan was engaging in the commission of an offense under N.D.C.C. § 5-01-08. The exception in N.D.C.C.

§ 29-06-17(1) therefore applies, and we need not consider the State's argument that the circumstances and context were sufficient to inform Sullivan of the cause of the arrest or Sullivan's argument that suppression is the proper remedy for a violation of this statute.

## III

[¶10] Sullivan argues that the arresting officers violated his constitutional rights under the Fourth Amendment to the United States Constitution and Article I, section 8 of the North Dakota Constitution because there were not sufficient facts to support a finding of probable cause that he was driving under the influence of alcohol before his arrest.

[¶11] Whether the facts rise to the level of probable cause to arrest is a question of law we review de novo. *State v. Boehm*, 2014 ND 154, ¶ 8, 849 N.W.2d 239. The Fourth Amendment to the United States Constitution, applicable to the states under the Fourteenth Amendment, and Article I, section 8 of the North Dakota Constitution prohibit unreasonable searches and seizures. N.D. Const. art. I, § 8; U.S. Const. amend. IV; *see also State v. Morales*, 2015 ND 230, ¶ 8, 869 N.W.2d 417. "An arrest is a seizure under the Fourth Amendment, and must be supported by probable cause." *State v. Terrill*, 2018 ND 78, ¶ 7, 908 N.W.2d 732. All that is necessary to establish probable cause "is knowledge that would furnish a prudent person with reasonable grounds for believing a violation has occurred." *Id.*

[¶12] There is probable cause to arrest a driver for driving under the influence of alcohol if a police officer first observes some signs of physical or mental impairment and also has reason to believe the driver's impairment is caused by alcohol. *Boehm*, 2014 ND 154, ¶ 12. "Relevant factors in determining probable cause to arrest a person for DUI include the detection of the odor of alcohol, observation of signs of impairment, the person's own words, and failure of one or more field sobriety tests." *Id.* at ¶ 13. This Court determined there was probable cause that a person was driving under the influence when the individual had red and bloodshot eyes, admitted to consuming an alcoholic beverage, and failed the HGN test. *Id.* at ¶ 15 (citing *Brewer v. Ziegler*, 2007

ND 207, ¶ 21, 743 N.W.2d 391). "A traffic violation and erratic driving are relevant factors in determining whether probable cause exists to arrest for an alcohol-related traffic offense.*" Moran v. North Dakota Dep't of Transp.*, 543 N.W.2d 767, 770 (N.D. 1996) (citing *Mayo v. Moore*, 527 N.W.2d 257, 259-60 (N.D. 1995)).

[¶13] Here, there was sufficient evidence to support the district court's finding that Corporal Hoag had probable cause to arrest Sullivan for driving under the influence. Hoag testified that he smelled the odor of alcohol emitting from Sullivan's vehicle, that Sullivan had bloodshot eyes or "red and glossy eyes," and that Sullivan admitted he had "drank a few beers." Finally, according to Hoag, Corporal Rochester observed Sullivan's vehicle speeding and failing to maintain its own lane. On our de novo review, we conclude these facts rise to the level of probable cause.

IV

[¶14] We affirm.

[¶15] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

4