2014 ND 91

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Rodney Simeon SCHEETT, Jr., Defendant and Appellant.**

No. 20130363.

Supreme Court of North Dakota.

May 1, 2014.

Dawn M. Deitz, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee; submitted on brief.

Kent M. Morrow, Bismarck, N.D., for defendant and appellant; submitted on brief.

KAPSNER, Justice.

[¶ 1] Rodney Simeon Scheett, Jr., appeals from a criminal judgment entered on a jury verdict finding him guilty of possession of methamphetamine with intent to deliver and possession of drug paraphernalia, and challenges the district court's denial of a motion to suppress evidence used

against him. Because the search of Scheett's vehicle was justified under the officer safety exception to the warrant requirement, we affirm.

## I

[¶ 2] On November 7, 2012, two Bismarck police detectives were in an unmarked vehicle traveling east on Main Street in Mandan when they observed a vehicle revving its engine and exceeding the speed limit. After confirming that the license plates did not match the registration for the vehicle, they radioed for a marked Bismarck Police Department unit to stop the vehicle. The vehicle, driven by Scheett, was pulled over in Bismarck by two officers. One of the officers radioed other officers that the driver was making furtive movements and reaching into the center console of the vehicle, and he believed the driver might be reaching for a weapon. The officers conducted a "felony traffic stop." Officers, with guns drawn, ordered Scheett out of the vehicle, handcuffed him, patted him down for weapons, and placed him in the back seat of a squad car. Officers searched the center console of the vehicle where they found two bags of methamphetamine and marijuana paraphernalia, and Scheett was charged with possession of methamphetamine with intent to deliver and possession of drug paraphernalia.

[¶ 3] Scheett moved to suppress the evidence, arguing it was obtained as the result of an unconstitutional warrantless search. The district court denied the motion, concluding the search was justified by the officer safety exception to the warrant requirement. The court reasoned:

> The officers had observed some erratic driving which would have been of concern to them. There was clearly a reg-istration violation. They stopped the vehicle. I am convinced by the testimony presented that they were legitimately and reasonably concerned for officer safety. That had they just cited the defendant and allowed him to return to the vehicle, they would have had concerns that there was a weapon there. They took a very reasonable step in making certain that there was no weapon, that the officers' safety wouldn't be compromised, and the action was limited in scope to just an area where they could see furtive movements.

A jury convicted Scheett of the crimes charged.

## II

[¶ 4] Scheett argues the district court erred in denying his motion to suppress the evidence because the search of the vehicle console was unconstitutional.

[¶ 5] A warrantless search or seizure is constitutionally impermissible unless it falls within a recognized exception to the warrant requirement. *State v. Nickel*, 2013 ND 155, ¶ 22, 836 N.W.2d 405. The State has the burden of showing a warrantless search or seizure falls within a recognized exception, and if no exception is established, the exclusionary rule requires suppression of evidence obtained in violation of the Fourth Amendment's protections against warrantless searches or seizures. *Id.* This Court will reverse a district court's decision on a motion to suppress only if, after resolving any conflicts in the testimony in favor of affirmance, there is insufficient competent evidence fairly capable of supporting the court's determination and the decision is not contrary to the manifest weight of the evidence. *State v. Webster*, 2013 ND 119, ¶ 7, 834 N.W.2d 283; *State v. Johnson*, 531 N.W.2d 275, 279 (N.D.1995).

[¶ 6] Scheett's argument is based entirely on the United States Supreme Court's decision in *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009). In *Gant*, the defendant was arrested on an outstanding warrant for driving with a suspended license. *Id.* at 336, 129 S.Ct. 1710. The defendant was immediately handcuffed and locked in the back of a patrol car, after which police officers searched his vehicle and discovered cocaine in the pocket of a jacket on the back seat. *Id.* at 335–36, 129 S.Ct. 1710. The defendant was charged with and convicted of possession of a narcotic drug for sale and possession of drug paraphernalia. *Id.* at 336–37, 129 S.Ct. 1710. The trial court had denied the defendant's motion to suppress, concluding the search was permissible as a search incident to arrest. *Id.* at 337, 129 S.Ct. 1710. The Arizona Supreme Court reversed, concluding the search was unreasonable. *Id.* The Supreme Court agreed with the Arizona Supreme Court that the search-incident-to-arrest exception to the warrant requirement did not justify the search because the defendant could not have accessed his car to retrieve weapons or evidence at the time of the search. *Id.* at 335, 129 S.Ct. 1710. *Gant* held:

> Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.

*Id.* at 351, 129 S.Ct. 1710.

[¶ 7] The Supreme Court's decision in *Gant* clarified and limited *New York v.*

*Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), in which the Court held "that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." (footnotes omitted). The *Gant* Court noted that *Belton* "has been widely understood to allow a vehicle search incident to the arrest of a recent occupant even if there is no possibility the arrestee could gain access to the vehicle at the time of the search." 556 U.S. at 341, 129 S.Ct. 1710. The Court rejected the suggestion that this broad reading of *Belton* was necessary to protect law enforcement safety and evidentiary interests because "[o]ther established exceptions to the warrant requirement authorize a vehicle search under additional circumstances when safety or evidentiary concerns demand." *Id.* at 346, 129 S.Ct. 1710. Other exceptions to the warrant requirement, the Court reasoned, "ensure that officers may search a vehicle when genuine safety or evidentiary concerns encountered during the arrest of a vehicle's recent occupant justify a search." *Id.* at 347, 129 S.Ct. 1710.

[¶ 8] Justice Scalia's concurring opinion in *Gant* emphasized:

> It must be borne in mind that we are speaking here only of a rule automatically permitting a search when the driver or an occupant is arrested. Where no arrest is made, we have held that officers may search the car if they reasonably believe "the suspect is dangerous and ... may gain immediate control of weapons." *Michigan v. Long*, 463 U.S. 1032, 1049, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). In the no-arrest case, the possibility of access to weapons in the vehicle always exists, since the driver or

passenger will be allowed to return to the vehicle when the interrogation is completed. The rule of *Michigan v. Long* is not at issue here.

556 U.S. at 352, 129 S.Ct. 1710 (Scalia, J., concurring).

[¶ 9] This Court has recognized that officer safety is an exception to the warrant requirement. *See State v. Anderson,* 2006 ND 44, ¶ 34, 710 N.W.2d 392. *State v. Haverluk,* 2000 ND 178, 617 N.W.2d 652, illustrates the principle. In *Haverluk,* a belligerent defendant was ordered at gunpoint by two officers to step out of his vehicle after they noticed the defendant place his right hand between the driver's seat and console. *Id.* at ¶¶ 2–3. The defendant's actions placed the officers in fear for their safety. *Id.* at ¶ 23. An officer searched between the driver's seat and console, found incriminating evidence, and the defendant was placed under arrest. *Id.* at ¶ 4. As an alternative to its holding that the search was a valid search incident to arrest, this Court ruled the search was also valid as an "officer-safety measure" because "[i]f a person is outside a vehicle, a search of the vehicle is valid if the officer possesses a reasonable belief that a person poses a danger if allowed to reenter the vehicle." *Id.* at ¶¶ 20, 22 (citing *Long,* 463 U.S. at 1050, 103 S.Ct. 3469).

[¶ 10] There are no factual disputes in this case. The detectives had Bismarck police officers pull over Scheett's vehicle because the registration did not match the license plate of his vehicle and he had been speeding. After being pulled over around 2 p.m., the officers noticed Scheett "making furtive [and exaggerated] movements to the right down towards the center console of the vehicle," which made them think "he was going for a weapon." They conducted a "felony traffic stop," hand-cuffed Scheett, placed him in the back of a patrol car, searched the console, and found the drugs and paraphernalia. The search was confined to the immediate area where Scheett made the furtive movements. An officer testified that, before the search of the console area was conducted, Scheett would have been charged with "unlawful registration, no insurance, and I think careless driving." The officer further testified that Scheett "would have been cited and released, as long as there weren't outstanding warrants or something else," and added:

> At this point we didn't know what—I mean, we were detaining him and what the traffic violations were for, we didn't know if we were going to be releasing him at that point. If we were, we wanted to make sure there was no weapons in the vehicle that would harm anyone else after this point.

[¶ 11] This was not a search incident to arrest prohibited by *Gant.* Unlike the situation in *Gant* where an officer testified the vehicle search was conducted "[b]ecause the law says we can do it," 556 U.S. at 337, 129 S.Ct. 1710, officers here feared for their safety and Scheett most likely would have been cited for traffic violations and been allowed to return to his vehicle. We agree with the district court that the search in this case was justified under the officer safety exception to the warrant requirement.

## III

[¶ 12] The district court did not err in denying Scheett's motion to suppress. The criminal judgment is affirmed.

[¶ 13] GERALD W. VANDE WALLE, C.J., WILLIAM F. HODNY, S.J., LISA FAIR McEVERS, and DANIEL J. CROTHERS, JJ., concur.

[¶ 14] The Honorable WILLIAM F. HODNY, S.J., sitting in place of SANDSTROM, J., disqualified.