# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2020 ND 169

In the Interest of K.V., a Child

State of North Dakota,                                    Petitioner and Appellee

     v.

A.V., mother of said child; and
E.D., father of said child,                                          Respondents

     and

K.V., said child,                                      Respondent and Appellant

### No. 20190275

Appeal from the Juvenile Court of Ramsey County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Maren H. Halbach, Assistant State's Attorney, Devils Lake, ND, for petitioner and appellee; submitted on brief.

Ulysses S. Jones, Devils Lake, ND, for respondent and appellant; submitted on brief.

**McEvers, Justice.**

[¶1]   K.V. appeals from a juvenile court order for disposition.  K.V. argues the court erred in denying a motion to suppress.  We reverse and remand.

I

[¶2]   On January 6, 2019, an off-duty Devils Lake police officer reported a possibly impaired driver in a blue Chevy pickup.  Another officer, Officer Gilbertson, was dispatched and noticed the vehicle was unable to maintain its lane of travel and swerved across the fog line and center line.  Gilbertson pulled the vehicle over and as he reached the back of the vehicle, the vehicle fled the scene.

[¶3]   Gilbertson pursued the vehicle, driving 30 to 45 miles per hour in slippery conditions and another officer attempted to deploy road spikes.  The vehicle avoided the spikes and zig-zagged through a field until it became stuck in the snow.  Gilbertson yelled commands and remained behind his vehicle.  Gilbertson testified this was "probably the scariest moments of [his] entire career" as he was aware an officer had recently been lost in a shooting in a similar manner, and Gilbertson took cover behind his vehicle "in case [the occupants] beg[a]n shooting or something."

[¶4]   When the occupants did not leave the vehicle, Gilbertson approached the vehicle, reached in the vehicle, put it in park, and smelled a strong odor of marijuana.  Gilbertson testified the driver was out of control and made comments about his shoes melting.  After removing and arresting the driver, officers removed the passenger, K.V.  Officer Engen testified they did not know if K.V. had weapons on him and there was a strong odor of marijuana coming from the vehicle.  Engen stated in his testimony that in a fleeing situation he was always concerned about safety and that was one of the reasons to search K.V.  Engen did a pat down search of K.V. and found drug paraphernalia, a bong, and a bag of meth in K.V.'s jacket.  Engen agreed he patted down K.V. to search for weapons as a safety issue and to look for illegal drugs.

[¶5] K.V. was alleged to be a delinquent child, charged with possession of a controlled substance and possession of drug paraphernalia. K.V. filed a motion to suppress, contending there was no exception for the warrantless search and the search was prohibited by the Fourth Amendment. The juvenile court denied the motion to suppress on the record, finding: "There was marijuana in the vehicle. You were in the vehicle [K.V.]. Once [the officers] establish that they had the smell of marijuana in the vehicle, they had the right to search you and they found the methamphetamine in the coat pocket that you were wearing." The court denied K.V.'s renewed motion to suppress at the adjudication hearing. K.V. was adjudicated a delinquent child for possession of methamphetamine and possession of drug paraphernalia.

II

[¶6] On appeal, K.V. argues the warrantless search was prohibited under the Fourth Amendment because the State failed to show an exception to the warrant requirement, therefore, the motion to suppress evidence should have been granted.

[¶7] Under N.D.R.Juv.P. 14(d), when factual issues are involved in deciding a motion, the court must state its essential findings on the record. The North Dakota Rules of Juvenile Procedure do not address the standard of review for the court's findings, but according to N.D.R.Juv.P. 21(b), which discusses the effective date of the rules, "all statutes and rules, or portions of, in conflict with these rules or any amendment or addition to these rules are superseded." Prior to adoption of the North Dakota Rules of Juvenile Court, this Court has applied the North Dakota Rules of Civil Procedure to factual findings, stating:

> Under N.D.R.Civ.P. 52(a), this Court reviews a juvenile court's factual findings under a clearly erroneous standard of review, with due regard given to the opportunity of the juvenile court to judge the credibility of the witnesses. A finding of fact is clearly erroneous if there is no evidence to support it, if the reviewing court is left with a definite and firm conviction that a mistake has been made, or if the finding was induced by an erroneous view of the law. This Court reviews questions of law de novo.

2

*Interest of D.O.,* 2013 ND 247, ¶ 6, 840 N.W.2d 641. As provided in N.D.R.Civ.P. 52(a)(6) findings of fact in juvenile matters must not be set aside unless they are clearly erroneous. Because the North Dakota Rules of Juvenile Procedure do not address the standard of review for findings of fact, and N.D.R.Civ.P. 52 does not conflict and specifically mentions juvenile matters, we will continue to rely on N.D.R.Civ.P. 52 for the standard of review for the juvenile court's findings of fact. When the juvenile court makes findings, it must do so with sufficient specificity to afford a clear understanding of its decision.

> Rule 52(a), N.D.R.Civ.P., requires a court to find facts specially and state its conclusions of law separately when an action is tried on the facts without a jury. The court must make findings of fact and conclusions of law which provide sufficient specificity to enable a reviewing court to understand the factual determinations made by the trial court and the basis for its conclusions of law and decision. The court's findings of fact . . . should be stated with sufficient specificity to assist the appellate court's review and to afford a clear understanding of the court's decision. [W]e cannot properly review a decision if the [trial] court does not provide an explanation of the basis for its decision because we would be left to speculate whether the court properly applied the law. Findings that are conclusory and general do not comply with N.D.R.Civ.P. 52(a).

*Interest of T.R.C.,* 2014 ND 172, ¶ 9, 852 N.W.2d 408 (citations omitted). Questions of law on a motion to suppress are reviewed de novo. *State v. Daniels,* 2014 ND 124, ¶ 8, 848 N.W.2d 670.

[¶8] "The Fourth Amendment of the United States Constitution, applicable to the states through the Fourteenth Amendment, protects individuals from unreasonable searches and seizures." *State v. Guscette,* 2004 ND 71, ¶ 7, 678 N.W.2d 126. A warrant is required for a search to be reasonable under the Fourth Amendment, unless a valid exception applies. *Daniels,* 2014 ND 124, ¶ 6, 848 N.W.2d 670. The State has the burden to show an exception to the warrant requirement applies. *Id.*

[¶9] Following a traffic stop, an officer may order a driver and any passengers out of a vehicle. *Knowles v. Iowa*, 525 U.S. 113, 118 (1998). There is no automatic search rule for companions of an arrestee. *State v. Heitzmann*, 2001 ND 136, ¶ 11, 632 N.W.2d 1. "[M]ere association with a known or suspected criminal, or mere presence in that person's automobile, does not create probable cause to arrest." *U.S. v. Caves*, 890 F.2d 87, 94 (8th Cir. 1989).

[¶10] An exception to the warrant requirement is a search incident to arrest. *State v. Mercier*, 2016 ND 160, ¶ 20, 883 N.W.2d 478. A search incident to arrest based on probable cause is a reasonable intrusion under the Fourth Amendment. *Id.* This Court has previously said the smell of marijuana may establish probable cause to arrest. *State v. Schmalz*, 2008 ND 27, ¶ 20, 744 N.W.2d 734; *State v. Overby*, 1999 ND 47, ¶ 13, 590 N.W.2d 703. The officer who patted down K.V. did not testify that the search was conducted incident to arrest nor did the State argue the search was conducted incident to a valid arrest.

[¶11] Another exception to the warrant requirement is the automobile exception. The automobile exception "allows officers to search the belongings of passengers and driver alike: [i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *State v. Haibeck*, 2004 ND 163, ¶ 11, 685 N.W.2d 512. Nevertheless, clothing a person is wearing carries for its owner a heightened expectation of privacy. *See State v. Tognotti*, 2003 ND 99, ¶ 20, 663 N.W.2d 642.

[¶12] Officer safety is also an exception to the warrant requirement of the Fourth Amendment. *State v. Scheett*, 2014 ND 91, ¶ 9, 845 N.W.2d 885. "A law enforcement officer may conduct a frisk or a pat down search of a person only when the officer possesses an articulable suspicion the individual is armed and dangerous." *Tognotti*, 2003 ND 99, ¶ 16, 663 N.W.2d 642. In addition, if a police officer lawfully pats down a suspect's outer clothing and feels an object where the contour or mass makes immediate identity apparent, it is no greater an invasion of privacy beyond that already authorized by the search for weapons. *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993). The officer

4

testifying here did not testify that the objects found in K.V.'s pockets were immediately apparent nor did he describe what he felt when he patted down K.V., rather he stated: "We searched him. Did a pat down of him then found drug paraphernalia and drug bong and a small bag of methamphetamine."

[¶13] The juvenile court had the opportunity to hear and observe the witnesses and we generally recognize and defer to the court's assessment of credibility. *State v. Zearley,* 444 N.W.2d 353, 359 (N.D. 1989). But we cannot defer to it when we are unable to understand the basis for the decision. *Id.* Although the court received testimony about the officers' concern for their safety and the smell of marijuana, the court did not make specific findings on the reasonableness of the pat down or subsequent search. It did not identify which exception to the warrant requirement justified the search in its conclusions of law. We are unable to understand the court's reasoning for its decision and are left to speculate as to the law and facts the court relied on in denying the motion to suppress.

[¶14] We reverse and remand for reconsideration of the suppression order.

[¶15] Lisa Fair McEvers
       Daniel J. Crothers
       Gerald W. VandeWalle
       Jerod E. Tufte
       Jon J. Jensen, C.J.