FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
MAY 6, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 79

In the Interest of K.V., a Child

| | |
|---|---|
| State of North Dakota, | Petitioner and Appellee |
| v. | |
| K.V., said child, | Respondent and Appellant |
| and | |
| A.V., mother of said child; and E.D., father of said child, | Respondents |

## No. 20200257

Appeal from the Juvenile Court of Ramsey County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

REVERSED.

Opinion of the Court by McEvers, Justice, in which Chief Justice Jensen, Justice Crothers, and Justice Tufte joined, and Justice VandeWalle concurred in the result.

Maren H. Halbach, Assistant State's Attorney, Devils Lake, ND, for petitioner and appellee; submitted on brief.

Ulysses S. Jones, Devils Lake, ND, for respondent and appellant; submitted on brief.

**McEvers, Justice.**

[¶1]   K.V. appeals from a juvenile court memorandum opinion, issued after remand, denying his motion to suppress evidence. K.V. argues the court erred in denying his motion to suppress by concluding there was probable cause to search him for illegal drugs and that the warrantless search of his person was reasonable under the circumstances. We reverse.

I

[¶2]   K.V. was charged and adjudicated a delinquent child for possession of a controlled substance and possession of drug paraphernalia in January 2019. K.V. moved to suppress the evidence gathered after the stop. Following a hearing on the motion to suppress, the juvenile court issued an order denying K.V.'s motion. K.V. appealed, arguing the warrantless search violated the Fourth Amendment. This Court reversed and remanded for reconsideration because the juvenile court did not make specific findings on the reasonableness of the pat down and did not identify what exception to the warrant requirement justified the search. *Interest of K.V.*, 2020 ND 169, ¶¶ 13-14, 946 N.W.2d 518.

[¶3]   The facts of this case were explained in *Interest of K.V.*, 2020 ND 169, and will only be repeated as necessary to explain the resolution of issues in this appeal. On January 6, 2019, K.V. was a passenger in a vehicle stopped by law enforcement for erratic driving and attempting to flee the police. After the stop, K.V. was searched and both drugs and drug paraphernalia were recovered.

[¶4]   At the hearing on K.V.'s motion to suppress, Devils Lake Police Officer Gilbertson testified he feared for his safety as he approached the truck.  He testified that he approached the driver's side of the truck and could smell a strong odor of marijuana coming from the vehicle, and stated he assumed there was illegal activity going on in the vehicle based on the smell of marijuana. Gilbertson testified he handcuffed the driver after he got out of the truck. Gilbertson stated he did not interact with K.V.

[¶5] Officer Engen testified he approached the passenger side of the truck and made contact with K.V. Engen asked K.V. to get out of the vehicle, and he did so. Engen testified they did not know whether K.V. had weapons on him and there was a strong odor of marijuana coming from the vehicle. When K.V. exited the vehicle, Engen stated he conducted a pat down search and found a bong and a small bag of methamphetamine in K.V.'s jacket pocket. Engen testified he did not ask for permission to search K.V. and acknowledged they did not obtain a warrant prior to the search. Engen then placed K.V. under arrest. Engen also testified that at no point did he see K.V. commit a criminal offense, qualifying his statement, "[o]ther than the smell of marijuana coming from the vehicle." He further testified K.V. did not act as if he were creating a dangerous situation. Engen testified he patted down K.V. for his own safety, to check for weapons, and to search for illegal drugs.

[¶6] On September 1, 2020, following remand, the juvenile court issued a memorandum opinion on the search of K.V. The court noted that the vehicle was stopped after fleeing law enforcement. The court found the officers observed the driver appeared to be under the influence, and there was a strong odor of marijuana coming from the vehicle. The court concluded the pat down was justified based on officer safety, but determined the further search was not supported by the record for officer safety, because the officer did not identify what he felt during the pat down. However, relying on precedent from another jurisdiction that does not require individualized suspicion to search a passenger when the odor of marijuana is emanating from a vehicle, the court found, that based on what he saw, heard and smelled, Engen believed he had probable cause to search K.V. for marijuana and related paraphernalia. The court concluded, "based on the totality of the circumstances that Officer Engen had probable cause to search the person of K.V. for illegal drugs and the search was legal."

II

[¶7] On appeal, K.V. argues the juvenile court erred in determining the warrantless search was reasonable under the totality of the circumstances. "The Fourth Amendment of the United States Constitution, applicable to the

2

states through the Fourteenth Amendment, protects individuals from unreasonable searches and seizure." *State v. Guscette*, 2004 ND 71, ¶ 7, 678 N.W.2d 126. A warrant is required for a search to be reasonable under the Fourth Amendment, unless a valid exception applies. *State v. Daniels*, 2014 ND 124, ¶ 6, 848 N.W.2d 670. We examine the totality of the circumstances to determine whether a search was reasonable under the Fourth Amendment. *State v. Ballard*, 2016 ND 8, ¶ 8, 874 N.W.2d 61.

[¶8]   This Court will reverse a juvenile court's decision on a motion to suppress only if there is insufficient competent evidence fairly capable of supporting the court's determination and the decision is contrary to the manifest weight of the evidence after resolving any testimony in favor of affirmance. *State v. Webster*, 2013 ND 119, ¶ 7, 834 N.W.2d 283. This Court shows deference to the juvenile court's assessment of the credibility of witnesses. *State v. Zearley*, 444 N.W.2d 353, 359 (N.D. 1989). Questions of law are fully reviewable. *State v. Overby*, 1999 ND 47, ¶ 5, 590 N.W.2d 703.

[¶9]   Under N.D.R.Juv.P. 14(d), when factual issues are involved in deciding a motion, the juvenile court must state its essential findings on the record. This Court has applied the rules of civil procedure to reviewing the court's factual findings, stating:

> Under N.D.R.Civ.P. 52(a), this Court reviews a juvenile court's factual findings under a clearly erroneous standard of review, with due regard given to the opportunity of the juvenile court to judge the credibility of the witnesses. A finding of fact is clearly erroneous if there is no evidence to support it, if the reviewing court is left with a definite and firm conviction that a mistake has been made, or if the finding was induced by an erroneous view of the law. This Court reviews questions of law de novo.

*Interest of D.O.*, 2013 ND 247, ¶ 6, 840 N.W.2d 641 (quoting *Interest of R.A.*, 2011 ND 119, ¶ 4, 799 N.W.2d 332); s*ee also Interest of K.V.*, 2020 ND 169, ¶ 7 (applying N.D.R.Civ.P. 52 in juvenile matters because it does not conflict with North Dakota Rules of Juvenile Procedure).

## A

[¶10] "A law enforcement officer may conduct a frisk or a pat down search of a person only when the officer possesses an articulable suspicion the individual is armed and dangerous." *State v. Tognotti*, 2003 ND 99, ¶ 16, 663 N.W.2d 642. While a pat down may often be reasonable for safety, the following pocket search must also be based on the same safety reasons, because they are distinct efforts and each must be reasonable. *Zearley*, 444 N.W.2d at 359. A pat down may justify a pocket search if the officer's tactile perceptions lead to the conclusion that the subject possesses a weapon or it is clear from the plain feel of objects during the pat down that the subject is carrying contraband. *Id.* at 358. *See also Minnesota v. Dickerson*, 508 U.S. 366, 375-76 (1993) (establishing "plain touch" or "plain feel" concept as analogous to the plain view exception to the Fourth Amendment when an officer discovers contraband through sense of touch during an otherwise lawful search).

[¶11] The juvenile court found the officer safety exception justified the pat down, but the record did not support the further warrantless search of K.V. based on the officer safety exception to the warrant requirement because the officer did not identify what he felt in K.V.'s pockets. We agree with the court the record does not support the search based on the officer safety exception.

## B

[¶12] Nonetheless, the juvenile court concluded, based on the totality of the circumstances, the search was legal. The court did not mention the plain-smell doctrine by name, but appears to have substantively relied upon the strong odor of marijuana emanating from the vehicle in weighing the totality of the circumstances.

[¶13] In its memorandum opinion, the juvenile court cited to cases from two other jurisdictions as a basis for its decision. In the first case, *State v. Grande,* the Washington Supreme Court held:

> [T]he smell of marijuana in the general area where an individual is located is insufficient, without more, to support probable cause

4

for arrest. Where no other evidence exists linking the passenger to any criminal activity, an arrest of the passenger on the suspicion of possession of illegal substances, and any subsequent searches, is invalid and an unconstitutional invasion of that individual's privacy.

187 P.3d 248, 254 (Wash. 2008). In *Grande,* the defendant was a passenger in a car when an officer detected a "moderate smell of marijuana coming from the car" *Id.* at 250. The court in *Grande* focused on the requirement that there be individualized probable cause of the person being arrested. *Id.* at 253 (relying in part on Washington's state constitution for providing additional protections not provided by the United States Constitution). Here, the officers testified to a strong odor of marijuana, rather than a moderate odor, and K.V. has not argued the North Dakota constitution provides greater protection than the United States Constitution.

[¶14] While the juvenile court provided no in-depth analysis of either case, it appears that the court relied on *Adams v. State,* 815 So.2d 578, 581-82 (Ala. 2001), quoting the following:

[W]here two persons were sitting in the front seat of an automobile, we do not believe that individualized suspicion was required to arrest either [the defendant] or his passenger. To require such individualized suspicion in all cases would be to say that even where the odor of burning marijuana is emanating from the relatively closed confines of an automobile—therefore clearly justifying the search of the automobile—if the occupants of the vehicle have the foresight to quickly secrete the controlled substance in their pockets, they may drive away after the search of the vehicle proves fruitless.

The juvenile court here went on to find:

Engen continued to detect a strong odor of marijuana coming from the vehicle. Based on facts as he understood them and what he saw, heard and smelled, Officer Engen believed he had probable cause to search K.V. for marijuana and related paraphernalia. . . . He also observed that the driver of the vehicle was more likely than

5

not to be under the influence and that the driver fled in a vehicle from law enforcement.

[¶15] Further review of the *Adams* case relied on by the juvenile court is necessary to discern the rationale for the juvenile court's ruling. In *Adams*, the Alabama Supreme Court held that where the totality of the facts and circumstances were sufficient to believe the defendant (the passenger in the vehicle) possessed marijuana, there was probable cause to arrest. 815 So.2d at 582. The court in *Adams* relied on a number of courts, including ours, in concluding that where police smell the odor of burning marijuana coming from a legally stopped automobile, there may be probable cause to arrest all the occupants of the automobile. *See id*. at n.4 (relying in part on *Overby*, 1999 ND 47). The court in *Adams* further concluded the search of the passenger prior to the arrest was a search incident to arrest because it followed quickly on the heels of the challenged search. *Adams*, at 582.

[¶16] One exception to the warrant requirement is a search incident to arrest. *State v. Mercier*, 2016 ND 160, ¶ 20, 883 N.W.2d 478. Here, law enforcement had probable cause to arrest the driver based on his fleeing, driving under the influence, and the odor of marijuana. However, this Court has stated there is no automatic search rule for companions of an arrestee. *State v. Heitzmann*, 2001 ND 136, ¶ 11, 632 N.W.2d 1. "[M]ere association with a known or suspected criminal, or mere presence in that person's automobile, does not create probable cause to arrest." *United States v. Caves*, 890 F.2d 87, 94 (8th Cir. 1989); *State v. Gilberts,* 497 N.W.2d 93, 97 (N.D. 1993). This Court has previously said the smell of marijuana may establish probable cause. *State v. Schmalz*, 2008 ND 27, ¶ 20, 744 N.W.2d 734; *Overby*, 1999 ND 47, ¶ 13. Review of the record shows the officer who patted down K.V. did not testify that the search was conducted incident to arrest.

[¶17] Regardless of the officers' subjective reasons for conducting the search of K.V., the juvenile court determined the odor emanating from the vehicle justified the search. *See State v. Deviley*, 2011 ND 182, ¶ 11, 803 N.W.2d 561 (stating officer's subjective basis for an action does not vitiate probable cause). The issue here is whether the totality of the circumstances, including the odor

of marijuana emanating from the vehicle, is sufficient to justify a warrantless search of K.V., who was a passenger of the vehicle. While this Court has not specifically ruled on this issue, a number of courts have held the odor of marijuana coming from a vehicle provides probable cause to search the passengers inside the vehicle. *See Adams*, 815 So.2d at 582 (discussing the odor of burned marijuana emanating from an automobile may be enough to provide probable cause to arrest the occupants, and a search of clothing sufficiently contemporaneous to the arrest was a valid search incident to arrest). *See also State v. Perryman*, 2004 WL 443394 (Ohio Ct. App. 2004); *People v. Hansen*, 761 N.E.2d 376 (Ill. App. Ct. 2001); *State v. Chambliss*, 752 So.2d 114 (Fla. Dist. Ct. App. 2000); *State v. Wilson*, 520 So.2d 864 (La. Ct. App. 1987); *Acosta v. State*, 640 S.W.2d 381 (Tex. App. 1982).

[¶18] Other courts have held that the odor of marijuana alone does not necessarily provide probable cause to search a passenger. *See State v. Grande*, 187 P.3d 248 (Wash. 2008) (holding moderate smell of marijuana emanating from a vehicle, without more, does not establish probable cause to search a passenger); *State v. Bradley*, 2003 WL 22501501 (Ohio Ct. App. 2003) (reversing denial of motion to suppress where there was no evidence presented at the suppression hearing that the troopers were qualified to recognize the odor of marijuana); *Green v. State*, 831 So.2d 1243 (Fla. Dist. Ct. App. 2002).

[¶19] The rationale for allowing the search of a passenger based on the odor of marijuana emanating from a vehicle is similar to the rationale used by this Court in allowing an arrest of a driver based on the smell of marijuana under similar circumstances, the "officer, through his sense of smell, had reasonable cause to believe that the person arrested had committed a public offense . . . under [N.D.C.C.] § 29-06-15(1)(a)." *Overby*, 1999 ND 47, ¶ 12 (discussing *State v. Binns*, 194 N.W.2d 756, 759 (N.D. 1972)). Examination of *Binns* and *Overby* is necessary to understand this Court's stance on the odor of marijuana establishing probable cause.

[¶20] In *Binns,* the defendant was a passenger in a vehicle from which an officer smelled the odor of marijuana. *Binns*, 194 N.W.2d 756, 758. The officer requested the occupants get out of the car so he could search the vehicle. *Id.* A

7

plastic bag containing marijuana was found on the seat near when the defendant had been seated. *Id.* This Court held the circumstances justified a warrantless search of the vehicle based on the odor of burning marijuana. *Id.* (relying on *Chambers v. Maroney*, 399 U.S. 42 (1970)). After concluding there was probable cause to search the vehicle, this Court further concluded, "[w]hen his search produced material which the officer knew was marijuana, he had probable cause for making the arrests." *Id.* This Court in *Binns* also concluded the officer, through his sense of smell, had reasonable cause to believe the person arrested had committed a public offense under N.D.C.C. § 29-06-15(1), which allowed a peace officer to arrest a person for a public offense committed in his presence. *Id.* at 759. This case is distinguishable from *Binns*, where the odor of burning marijuana justified the search of a vehicle, and it was not until after marijuana was found in the vehicle that there was probable cause to arrest. Here, no drugs were recovered from the search of the vehicle, and the officers did not indicate whether the odor was from burning marijuana or raw marijuana.

[¶21]  In *Overby*, this Court held a search of a person prior to arrest would be considered a search incident to arrest when probable cause to arrest existed prior to the search, and the arrest and the search were contemporaneous. 1999 ND 47. ¶ 13 (relying on *Rawlings v. Kentucky*, 448 U.S. 98, 110-11 (1980)). The defendant in *Overby* was the sole occupant of his vehicle where the officer smelled a very strong odor of marijuana, and the officer had no doubt marijuana had just been smoked inside the vehicle. *Overby,* at ¶ 2. In determining whether probable cause existed to arrest Overby, this Court discussed *Binns,* stating the arrest in *Binns* was justified for two reasons: the officer had the requisite probable cause to arrest Binns either because (1) the search of the vehicle (valid under the automobile exception) discovered marijuana, *or* (2) the officer, through his sense of smell, had reasonable cause to believe that the person arrested had committed a public offense under N.D.C.C. § 29-06-15(1). *Overby,* at ¶ 12 (emphasis added). Thus, under the particular facts of *Binns*, the odor of marijuana emanating from the suspects' vehicle not only provided probable cause triggering the automobile exception, but it also authorized the officer to make a warrantless arrest under N.D.C.C. § 29-06-15(1)(a). *Id.* The Court then discussed that a police officer assessing

8

whether there is probable cause to arrest needs to have knowledge that would give a prudent person reasonable grounds to believe an offense has been or is being committed. *Id.* The Court concluded probable cause existed when the record reflected Overby was alone in his vehicle, no other vehicles or people were in the vicinity, the vehicle's door was open when the officer approached, and the officer who detected the odor of marijuana emanating from the vehicle was well trained in identifying the odor of marijuana. *Id.* Here, K.V. was not the sole occupant of a vehicle and there was no testimony regarding the training or experience of the officers relating to the odor of marijuana, or that marijuana had just been smoked in the vehicle.

[¶22] In addition, the *Overby* Court*'s* reading of *Binns* is not in accord with the syllabus provided in *Binns*.[1] Rather, the syllabus, which is the holding of the Court, at paragraph 4 states: "Where the search of an automobile produces material which the officer recognizes as marijuana, such material, *together* with the odor of burning marijuana emanating from the car, constitutes probable cause for making an arrest of the occupants for possession of marijuana." *Binns,* 194 N.W.2d 756, 757, syll. 4 (emphasis added). To the extent that *Overby* may be read to say that the odor of marijuana alone provides probable cause to arrest passengers of a vehicle without more, it is dicta and not the basis for the holding in *Binns*.

[¶23] Probable cause to search a car does not necessarily justify a search of a passenger. *Wyoming v. Houghton,* 526 U.S. 295, 303 (1999) (discussing *United States v. Di Re*, 332 U.S. 581 (1948)). A passenger has a diminished expectation of privacy in their property in a car, and law enforcement can search a passenger's personal belongings when there is reason to believe contraband or evidence of criminal wrongdoing is hidden in the car. *Id.* at 304. In *State v. Gefroh,* this Court held the automobile exception did not justify the search of a driver's person. 2011 ND 153, ¶¶ 12-13, 801 N.W.2d 429 (discussing the distinction between the possessions of an occupant within a vehicle and the

---

[1] At the time *Binns* was written in 1972, Section 102 of the North Dakota Constitution, then in effect, directed the Supreme Court to prepare a syllabus of points adjudicated. Section 102 was repealed by art. amend. 97, approved September 7, 1976 (S.L. 1975, ch. 615, § 2).

occupant's person). In *Gefroh*, a drug sniffing dog indicated the presence of controlled substances in a vehicle driven by Gefroh. *Id.* at ¶ 2. After Gefroh made furtive movements, reached for his jacket pocket several times, and refused to keep his hands on the vehicle as directed, the officer conducted a pat down and searched Gefroh's pockets. *Id.* at ¶¶ 4-5. This Court held in *Gefroh,* the automobile exception did not justify the warrantless search of Gefroh's person. *Id.* at ¶ 13.

[¶24] Under North Dakota law, a law enforcement officer is authorized to arrest a person without a warrant under various circumstances, including:

> For a public offense, committed or attempted in the officer's presence and for the purpose of this subdivision, a crime must be deemed committed or attempted in the officer's presence when what the officer observes through the officer's senses reasonably indicates to the officer that a crime was in fact committed or attempted in the officer's presence *by the person arrested*.

N.D.C.C. § 29-06-15(1)(a) (emphasis added). Upon smelling the odor of marijuana emanating from the vehicle, the officers had probable cause to believe that some marijuana related crime was either being committed or attempted in the vehicle. *See State v. Linghor*, 2004 ND 224, ¶ 8, 690 N.W.2d 201 (stating upon seeing drug paraphernalia in plain view in an automobile, officers had probable cause to believe some drug-related crime was either committed or attempted).

[¶25] In *Linghor,* following a traffic stop of a vehicle in which Linghor was a passenger, the officer detected an odor of anhydrous ammonia coming from the automobile. 2004 ND 224, ¶ 2. The officer also saw paraphernalia to make drugs in plain view in the back seat. *Id.* The officer questioned the driver, who indicated that part of the alleged paraphernalia belonged to Linghor. *Id.* Following a pat-down search of Linghor, which revealed no evidence of a weapon, the officer had Linghor empty his pockets which contained a receipt for items that could be used to manufacture methamphetamine, and the items were in the vehicle. *Id.* Linghor argued his presence in the automobile was not enough to suspect him of criminal activity or to search his person. *Id.* at ¶ 6.

10

The primary issue was whether officers had probable cause to believe Linghor had committed a crime. *Id.* at ¶ 8. In *Linghor,* we viewed the case of *Maryland v. Pringle*, 540 U.S. 266 (2003) as dispositive, noting:

> In Pringle, a police officer stopped an automobile for speeding and obtained the driver's consent to search the car. The car had three occupants. The search revealed the presence of a large amount of cash in the glovebox and five plastic baggies containing cocaine behind the back-seat armrest. Pringle was a front-seat passenger in the car. None of the automobile occupants admitted ownership of the drugs and all three were arrested. The Maryland Court of Appeals held that, "absent facts tending to show Pringle's knowledge and dominion or control over the drugs, 'the mere finding of cocaine in the back armrest when [Pringle] was a front seat passenger in a car being driven by its owner is insufficient to establish probable cause for an arrest for possession.'"

*Linghor,* at ¶ 9 (discussing *Pringle,* at 369-370) (cleaned up, internal citations omitted). As further noted in *Linghor,* in *Maryland v. Pringle*, the United States Supreme Court discussed the probable cause standard as follows:

> The long-prevailing standard of probable cause protects citizens from rash and unreasonable interferences with privacy and from unfounded charges of crime, while giving fair leeway for enforcing the law in the community's protection. On many occasions, we have reiterated that the probable-cause standard is a practical, nontechnical conception that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. Probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules.

> The probable-cause standard is incapable of precise definition or quantification into percentages because it deals with probabilities and depends on the totality of the circumstances. We have stated, however, that the substance of all the definitions of probable cause is a reasonable ground for belief of guilt, and *that the belief of guilt must be particularized with respect to the person to be searched* or seized.

11

*Linghor,* at ¶ 10 (quoting *Pringle,* at 370-371) (internal citations and quotations omitted).

[¶26] We also considered in *Linghor* that the Supreme Court in *Pringle* noted passengers in a relatively small automobile will often be engaged in a common enterprise with the driver, and have the same interest in concealing the fruits or the evidence of their wrongdoing. 2004 ND 224*,* ¶ 11 (relying on *Pringle*, 540 U.S. at 373 (quoting *Houghton*, 526 U.S. 295). Under the facts of *Pringle*, the Supreme Court determined it was reasonable for the officer to infer a common enterprise among the three men based on the quantity of drugs and cash in the car, which indicated a likelihood of drug dealing, and it would be unlikely a dealer would include a passenger who was innocent of the operation, because they could furnish evidence against the dealer. *Linghor*, at ¶ 11 (citations omitted). In *Linghor*, this Court held there was probable cause to believe Linghor was involved in a conspiracy to manufacture methamphetamine and it was objectively reasonable to infer a common enterprise between Linghor and the driver. *Id.* at ¶ 13.

[¶27] The facts of this case are distinguishable from *Linghor*, 2004 ND 224, where the officers could (1) smell anhydrous ammonia, a component of drug manufacturing, (2) see in plain view evidence of methamphetamine manufacturing, and (3) the driver identified some of the items associated with the paraphernalia as Linghor's. Here, there was no implicating statement by the driver, no plain view or plain feel of paraphernalia, and no marijuana or other drugs were found in the vehicle.

[¶28] The juvenile court had the opportunity to hear and observe the witnesses and we generally recognize and defer to the court's assessment of credibility. *Zearley,* 444 N.W.2d at 359. The court received testimony about the officers' concern for their own safety, the erratic behavior of the driver, and the strong odor of marijuana emanating from the vehicle. The court made extensive findings about the driver's behavior leading up to the driver's arrest, but that does not resolve the question whether probable cause existed to search K.V. The court found "[o]ne can infer in this case if the driver is under the influence of drugs or alcohol it is likely the passenger would also have been ingesting

12

marijuana." While not a distinct finding of engaging in a common enterprise, the record does not support a finding of a common enterprise. To the extent a driver's behavior may contribute to probable cause to the search of a passenger, in this case the court made no findings about interaction between the driver and K.V. or furtive movements occurring in the vehicle. The court found Officer Gilbertson yelled some commands, stating the record was unclear what the orders were, but found a person could infer that the occupants did not comply with the commands. Upon review of the record we cannot discern how an unknown command supports such an inference. The testimony regarding K.V. was that he exited the vehicle when he was asked. Therefore, probable cause to search K.V. must come from the second officer's interaction with K.V.

[¶29] The court found that K.V. was a passenger in a vehicle that fled the police, which raised suspicion of illegal activity within the truck. There is no evidence that police officers found evidence of drugs in the vehicle, other than the smell, either before or after searching K.V. There was no testimony that K.V. was arrested for committing a public offense. There was no testimony that K.V. and the driver were engaged in a common enterprise. When asked if he saw K.V. commit any criminal offense, Officer Gilbertson testified "I don't know. I cannot—he was an occupant in a vehicle that was involved in a purs[uit] [sic]. . . . I do not know what he was doing while he was in the vehicle." Gilbertson further testified he smelled marijuana coming from the vehicle and the driver, but he had no interaction with K.V. Officer Engen, who had contact with K.V., testified he could smell marijuana from the vehicle, but did not state the odor was coming from K.V., and did not indicate whether the odor was of burning marijuana or raw marijuana.

[¶30] These facts do not support a conclusion of law, based on the totality of the circumstances, that probable cause, based on individualized suspicion, existed that would justify an arrest of K.V., therefore, the search of his person was unlawful.

## III

[¶31] We conclude the juvenile court erred in concluding the officers had probable cause to conduct a warrantless search of K.V. under the totality of the circumstances, and reverse the juvenile court's memorandum opinion denying K.V.'s motion to suppress and the order adjudicating K.V. a delinquent child.

[¶32] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

I concur in the result.
Gerald W. VandeWalle